**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 41905/41906/41907**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Unpublished Opinion No. 840** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: December 3, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JOSHUA WILLIAM DEAN,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order relinquishing jurisdiction, <u>affirmed</u>; judgment of conviction and consecutive unified sentence of ten years, with a minimum period of confinement of three years, for felony driving under the influence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Kimberly E. Smith, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

These cases have been consolidated for purposes of appeal. In Docket No. 41905, Joshua William Dean pled guilty to felony driving under the influence. Idaho Code § 18-8004, 18-8005. The district court imposed a unified six-year sentence with a three-year determinate term, but after a period of retained jurisdiction, suspended the sentence and placed Dean on probation for a period of four years.

Subsequently, Dean admitted to felony driving under the influence (Docket No. 41906), thereby violating his probation in Docket No. 41905. The district court revoked Dean's probation and executed the original sentence. The district court also imposed a consecutive

1

unified sentence of ten years with one year determinate for the new charge and the court retained jurisdiction in both cases. Following the period of retained jurisdiction, the district court placed Dean on probation for four years.

Several months later, Dean again pled guilty to felony driving under the influence and admitted to violating his probation (Docket No. 41907). The district court revoked his probation, executed the underlying sentences, and again retained jurisdiction in Docket Nos. 41905 and 41906. The district court also imposed a consecutive unified sentence of ten years with three years determinate and retained jurisdiction in Docket No. 41907. Following the period of retained jurisdiction, the district court relinquished jurisdiction and executed Dean's sentences in all three cases. Dean appeals asserting that the district court abused its discretion by relinquishing jurisdiction and by imposing an excessive sentence in Docket No. 41907.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Dean has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, the district court order relinquishing jurisdiction (Docket Nos. 41905/41906/41907) and Dean's judgment of conviction and sentence (Docket No. 41907) are affirmed.